{¶ 1} While I concur with the opinion of the majority in this matter, I do so on the basis that the language of the policy creates an ambiguity which requires us to construe the policy against the insurer and in favor of the insured.
 {¶ 2} At page four of the majority opinion, the majority easily concludes that the terms "named insured" and "insured" have two separate and distinct definitions. Logically, I believe this is not the case. Ordinarily, the two terms would create a distinction without a difference as employees of corporations are, under Scott-Ponzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660 and its progeny, entitled to all rights and benefits of the policy in the same manner as though they were named in the policy. The logic behind Scott-Ponzer rests on the fact that corporations are not, in actuality, "persons" and thus, in order to have any application at all the coverage intended in corporate policies extends to actual persons: corporate officers and employees. Id. at 664. If employees and officers serve as substitute "persons" as to insurance coverage obtained under the corporate name, these employees and officers get no greater coverage than the corporation, itself, unless such greater (or lesser) coverage is intended and this intention is explained in the language of the insurance contract.
 {¶ 3} Turning to the language of the insurance contract, I would ordinarily argue, as do Appellees, that because the officers and employees of the corporation obtain the exact coverage of the corporation named on the declarations page of the policy, the terms "named insured" and "insured" as used in the exclusion are identical terms. This, however, begs the question as to why the drafters of the contract would use both terms within the exclusion. If the parties had intended the exclusion to apply to the autos (listed or specified autos are covered, any others are not), they could have done so simply by using the same term, "insured," throughout the exclusion. By using two separate terms, "named insured" versus "insured," the parties have set up an ambiguity whereby the exclusion appears to apply, not to the class of vehicle, but to the class of insureds, instead.
 {¶ 4} Thus, while I do not agree necessarily with my colleagues that the two terms always have separate and distinct definitions, because the policy contains this ambiguity, I would agree with our sister districts that the ambiguity forces us to interpret the exclusion clause against the insurer and I agree that the matter should be reversed and remanded on this issue.